UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

```
SMUGGLERS NOTCH HOMEOWNERS'      :
ASSOCIATION, INC., GERALD        :
SUNDERLAND, THOMAS GANGI,        :
FLORRIE PAIGE, JOHN MOONEY,      :
LAURENCE GEE, HERBERT LEWIS,     :
ERIC KOTCH, ROBERT OEHRLEIN,     :
STEPHEN HOEY, JONATHAN DONAHUE,  :
CRAIG GREENE, and KEVIN          :
ROHRBACHER,                      :
                                 :  File No. 1:08-CV-186
        Plaintiffs,              :
                                 :
        v.                       :
                                 :
SMUGGLERS' NOTCH MANAGEMENT      :
COMPANY, LTD. and SMUGGLERS'     :
NOTCH WATER COMPANY,             :
                                 :
        Defendants.              :
_____:
```

RULING ON MOTION FOR RECONSIDERATION
(Paper 16)

I. Background

Smugglers' Notch Homeowners' Association, Inc. and various individual homeowners (collectively, Plaintiffs) move the Court to reconsider its Ruling on Smugglers' Notch Management Company, Ltd. and Smugglers' Notch Water Company's (collectively, Defendants) Motion to Dismiss (Paper 14) resulting in a judgment (Paper 15) dismissing Plaintiffs' federal antitrust claims with prejudice and their state claims without prejudice. (Paper 16.) Plaintiffs request the Court deny Defendants' motion to dismiss (Paper 7) and accept supplemental jurisdiction over Plaintiffs' state law claims.

1

Familiarity with the underlying facts and procedural history is presumed. See Paper 14.

II. Discussion

The standard for granting a motion to reconsider is strict, and reconsideration is generally denied unless the moving party points to controlling decisions or data that the court overlooked: "matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). If the moving party is seeking solely to relitigate an issue already decided, the court should deny the motion for reconsideration and adhere to its prior decision. Id.

Plaintiffs first argue "manifest injustice," noting "[t]here can be no greater injustice than to prevent a party from being heard." (Paper 16 at 4.) Plaintiffs amended their complaint once (Paper 10), with the benefit of a pending motion to dismiss (Paper 7) filed in response to their first complaint (Paper 1). The Court then carefully reviewed Plaintiffs' Amended Complaint -- and found it lacking -- in an eleven page ruling. (Paper 14.) Plaintiffs cannot seriously contend they have been prevented from being heard.

Plaintiffs also claim the Court misapprehended their position in evaluating the relevant market definitions. (Papers 16 at 6-9, 18 at 7-9.) Plaintiffs argue the Court relied on an

2

argumentative allegation in their opposition to Defendants' motion to dismiss and improperly considered Plaintiffs' proposed geographic market for recreational facilities as limited to Smugglers' Notch resort only.  (Paper 16 at 8.)  In fact, it is Plaintiffs who misapprehend the Court's ruling because it specifically referenced the alleged geographic market as being seven towns.  (Paper 14 at 7.)  The Court finds Plaintiffs' arguments in support of reconsideration of the ruling granting Defendants' motion to dismiss to be unavailing.

Alternatively, Plaintiffs seek leave to amend their complaint for a third time.  (Paper 16 at 2.)  A district court's decision regarding leave to file an amended complaint is discretionary.  In re Pfizer, Inc. Derivative Sec. Litig., 307 F. App'x 590, 595 (2d Cir. 2009) (internal citation omitted).  The Court remains unpersuaded that amendment would not be futile "because the proposed new allegations would be no more than variations on the allegations already adjudged to be inadequate by the court."  Id.

The Court notes it has not considered the letters submitted by the parties after briefing was complete on Plaintiffs' motion.  If the parties wished to file further briefing, the appropriate method would have been to file a motion requesting leave of the Court.

III. Conclusion

Plaintiffs' Motion to Reconsider Ruling on Defendants' Motion to Dismiss (Paper 16) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 11th day of August, 2009.

<pre>
                              /s/ J. Garvan Murtha
                              Honorable J. Garvan Murtha
                              Senior United States District Judge
</pre>